UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :

BERKLEY REGIONAL INSURANCE
COMPANY,                                      :
                                                        :         15-CV-4474 (JPO)
                                     Plaintiff,         :
                                                        :         OPINION AND ORDER
                 -v-                                :
                                                        :
THE LISLE COMPANY, *et al.*,            :
                                                        :
                                   Defendants.  :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiff Berkley Regional Insurance Company ("Berkley") filed this action on June 9, 2015. (Dkt. No. 1.) Defendants now move to stay the case. (Dkt. No. 55.) For the following reasons, that motion is GRANTED.

       The Court assumes familiarity with the facts and procedural history of this matter. Defendants seek a stay in this Court in favor of proceedings in the United States District Court for the Middle District of Georgia. There, Defendant the Lisle Company ("TLC") has petitioned to confirm its arbitration award against CH2M Hill Constructors, Inc. ("CH2M"). The Middle District of Georgia has permitted Berkley to intervene and seek vacatur of the arbitration award. *See* Order, *The Lisle Co. v. CH2M Hill Constrs., Inc.*, No. 15-CV-159, (M.D. Ga. Jan. 25, 2016), ECF No. 15. That court also denied Berkley's motion to transfer the case to this district or to stay the case. *Id.*

       "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To

determine the appropriateness of a stay, courts generally look to "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Estate of Heiser v. Deutsche Bank Trust Co. Ams.*, No. 11 Civ. 1608, 2012 WL 5039065, at *2 (S.D.N.Y. Oct. 17, 2012) (Nathan, J.) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

A stay in favor of the proceeding in the Middle District of Georgia would serve the interests of the courts and the public. The cases contain substantial legal and factual overlap. Both actions involve motions to vacate TLC's arbitration award against CH2M. Additionally, some of the claims in the operative complaint here turn on whether the indemnity agreement empowered Berkley to settle the claims at issue between TLC and CH2M. That question likely will be settled by the Georgia action. *See* Order at 8, *The Lisle Co. v. CH2M Hill Constrs., Inc.*, No. 15-CV-159, (M.D. Ga. Jan. 25, 2016), ECF No. 15. Proceeding in this case would waste judicial resources and create the risk of inconsistent decisions. *See, e.g.*, *Readick v. Avis Budget Grp., Inc.*, No. 12 Civ. 3988, 2014 WL 1683799, at *3-6 (S.D.N.Y. Apr. 28, 2014) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Berkley suggests as much in their opposition brief, when it observes that resolution of the motions pending here would "completely resolve" both actions. (Dkt. No. 64 at 5-6.) Nor is there any significant harm to the interests of the Plaintiff or the Defendants—both are represented in the Georgia action and can pursue vindication of their claims there. *See id.* at *4.

Berkley argues principally that a stay would deprive it of its right to have the indemnity agreement interpreted in New York court. Under the agreement, it argues further, this Court and only this Court can interpret the contract, so the Georgia action cannot proceed until this Court

acts.  Not so.  The forum selection clause in the agreement is permissive, not restrictive: the parties agreed to be subject to jurisdiction in New York, but they did not agree that all cases arising under the contract *must* be brought in New York.  (Dkt. No. 37-1 ¶12.01.)  The agreement, therefore, specifies that Defendants agree to litigate in New York, but not that they will litigate only in New York.  To be sure, the agreement specifies that it is governed by New York law.  (*Id.* ¶ 20.03.)  But the Middle District of Georgia is fully capable of applying New York contract law.  *See YLD Ltd. v. The Node Firm, LLC*, No. 15-CV-0855, 2016 WL 183564, at *4 (S.D.N.Y. Jan. 14, 2016) (Oetken, J.).

Berkley also observes that this action predates the Georgia action, and it argues that the first-to-file rule should apply.  The Middle District of Georgia, however, has already decided that the first-to-file rule does not apply.  To apply it now would simply create an inconsistent decision that would lead to the potential for others as the case proceeds.  A stay is justified to prevent such an outcome, as described above.

*        *        *

For the foregoing reasons, the motion by Defendants to stay the case is GRANTED.  This case is hereby STAYED pending resolution of Case Number No. 15-CV-159 (M.D. Ga.), and all previously scheduled deadlines and conferences are adjourned pending further order.

The Clerk of Court is directed to close the motion at docket number 55.  The parties are directed to file a joint status letter every 60 days from the date of this order and within seven days of any final judgment in the Georgia litigation.

SO ORDERED.

Dated: March 16, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge